IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| RHONDA FLEMING, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | CASE NO. 4:17-cv-00360-Y |
| INC., TRANS UNION CORPORATION, | § | |
| AND EQUIFAX INFORMATION | § | |
| SERVICES, | § | |
| Defendants. | § | |

## DEFENDANT TRANS UNION LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Trans Union LLC ("Trans Union"), by and through its counsel, files this Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, and would respectfully show the Court as follows:

### I.  Objection to Plaintiff's Response

Trans Union filed its Motion to Dismiss (Dkt. 18) on June 5, 2017.  Local Rule 7.1(e) states that a response "to an opposed motion must be filed within 21 days from the date the motion is filed."  Pursuant to the local rule, Plaintiff's response to the Motion to Dismiss was due June 26, 2017.  Plaintiff did not file a response until July 17, 2017, which was 21 days past the deadline.  Therefore, Trans Union objects to Plaintiff's late response and asks the court to strike the response.

### II.  Plaintiff Failed to Address Substance of Trans Union's Motion to Dismiss

Plaintiff's untimely response does not address the issues raised in Trans Union's Motion to Dismiss.  The response does not address Trans Union's argument that the Complaint should be

1

dismissed under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) because of insufficient process and service of process.  Nor does Plaintiff's response argue against dismissal based on her failure to state a claim under FED. R. CIV. P. 12(b)(6).  Plaintiff does not state why she should not be required to plead her causes of action to address the deficiencies identified in the Motion to Dismiss.  More specifically, the response does not address the fact that: (1) her allegations in the Complaint are conclusory; (2) injunctive relief is not an available remedy; and (3) her claim for punitive damages is not supported by the allegations.  Rather than address the substance of the Motion to Dismiss, Plaintiff instead chooses to restate spurious allegations she has made in previous filings.

### III.  Plaintiff's Request for Relief

Plaintiff's response to the Motion to Dismiss appears to contain a motion for sanctions or other relief.  Should the court interpret this response as being such a motion, Trans Union incorporates its responses to Plaintiff's Motion to Remand, Motion for Costs, and Motion for Sanctions in opposition to such a motion.  (Dkts. 14, 16 & 25).

Plaintiff continually states that counsel for Trans Union has engaged in bad faith litigation and relies on the same arguments asserted in her Motion for Costs and Motion for Sanctions.  More specifically, Plaintiff contends that this case was removed to federal court in bad faith.  However, an examination of the record shows that Trans Union explained that removal was appropriate because a federal question exists and Trans Union further demonstrated how the amount in controversy for removal was satisfied.  *See* Dkt. 14.  This briefing is pending before the court and it is improper for Plaintiff to again move for sanctions through this response to Trans Union's Motion to Dismiss.  *See Pineda v. JTCH Apartments, LLC*, 843 F.3d 1062, 1067 (5th Cir. 2016)(holding that it was improper for party to assert a motion for sanctions in

opposition to motion because it did not comply with Rule 11).

Plaintiff asks the court for a "death penalty sanction," but she fails to cite the rule or legal authority she relies on to support this request.  Plaintiff also does not specify what relief she seeks by requesting such a sanction.  As stated above, Plaintiff has already filed a Motion for Costs and Motion for Sanctions, and Trans Union has responded to those motions.  Plaintiff offers no additional basis to support her request for a "death penalty sanction" other than what she has repeatedly stated in her previous motions.  Trans Union respectfully requests the court deny any relief requested by Plaintiff in her response to the Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC respectfully requests that the Court grants its Motion to Dismiss Plaintiff's First Amended Complaint.


Respectfully submitted,


*/s/ Monica F. Ramirez*
**MONICA F. RAMIREZ**
Texas Bar No. 24068621
monica.ramirez@strasburger.com
**STRASBURGER & PRICE, LLP**
2600 Dallas Parkway, Suite 600
Frisco, TX 75034
(469) 287-3951
(469) 227-6560 Fax
***Counsel for Trans Union LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of July 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I mailed the foregoing to the following non-CM/ECF participants on July 31, 2017:

Rhonda Fleming
#20446-009
PO Box 27137
Fort Worth, TX 76127
***Pro Se Plaintiff***

*/s/ Monica F. Ramirez*

**MONICA F. RAMIREZ**